## Mary Kelly v. Mary J. Fallon, Executrix.

1. EVIDENCE—*Proof of Handwriting.*—The testimony of a witness who has acquired a knowledge of the general character of the handwriting of a party either by having seen him write or by having seen letters or other documents which the party has in the course of business recognized or admitted to be his, is admissible in proof of such handwriting.

Trespass on the Case, on promises. Appeal from the Circuit Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard

Kelly v. Fallon.

in the Branch Appellate Court at the March term, 1902.    Affirmed. Opinion filed May 19, 1903.

Appellee is the executrix of the will of William Fallon, deceased.    In that capacity she became the holder of a judgment note for $500, bearing what purports to be the signatures of appellant and the latter's husband, James T. Kelly, dated January 23, 1892, payable ninety days after its date to the said William Fallon.    July 22, 1899, judgment was entered in the Circuit Court upon said note by confession, for $808.60.    Subsequently appellant, by her attorney, moved to set aside the said judgment as to appellant, and filed her affidavit setting up that she did not sign the note and power of attorney, that the signature purporting to be hers is not her signature, that said signature is a forgery, written without her knowledge or consent, that she had no knowledge of the existence of the note until after the entry of said judgment, and has a good defense to the note upon the merits.    The Circuit Court thereupon granted her leave to plead, the judgment to stand as security.    Issues were made up, and upon trial before a jury a verdict was returned finding the isues for the plaintiff, and the amount of the judgment correct as before rendered.    The court thereupon ordered that the judgment stand; whereupon comes this appeal.

LEVI SPRAGUE, attorney for appellant.

WILLIAM T. UNDERWOOD, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant's principal contention is that the evidence tending to show the genuineness of appellant's signature is unsatisfactory.    No one who testified saw appellant write the signature purporting to be hers, the authenticity of which is questioned.    The testimony of the assistant cashier of the Drovers' National Bank is to the effect that he knows appellant and her husband; that he drew up the note in question; that it was taken by the deceased, William Fallon, to whom it was made payable, who left the

bank in company with appellant's husband to get appellant's signature thereto; that the two went out together and came back together shortly after with the note signed, bearing the names of appellant and her husband, and that the deceased then turned over to appellant's husband the five hundred dollars. The witness has had occasion to see appellant's signature, and states that he should say the signature on the note is appellant's, adding, " of course it is a guess." There was corroborative testimony of other witnesses who had been in the habit of paying rent to appellant's daughter and agent and were familiar with appellant's signature upon receipts not offered in evidence, but which it was stated purported to be signed by appellant, and which her daughter testified were so signed by her. This testimony was admissible. Pate v. The People, 3 Gil. 644. Appellant's daughter and son were called as witnesses for the defense and stated that the signature to the note in controversy is not their mother's.

It is not disputed that the signature of appellant's husband and co-defendant is genuine and that he received the money on the note. Appellee made out a *prima facie* case as to the genuineness of appellant's signature. The testimony of appellant's son and daughter is, as above stated, to the contrary. No good reason is pointed out why the finding of the jury upon the contested question of fact should not be accepted as final.

It was sought to introduce the testimony of appellant and her husband, but upon objection of appellee's attorney that as defendants they are disqualified as witnesses under the statute (R. S., Chap. 51, Sec. 2), where, as here, the adverse party sues as executrix, their testimony was excluded. It is objected that the court erred in this ruling, but wherein, appellant's attorney does not undertake to point out. We are of opinion the ruling was correct.

Objection is made to the form of the verdict. By its terms the jury found the issues for the plaintiff. The added phraseology, though informal, is equivalent to assessing the plaintiff's damages at the amount of the judgment

before entered by confession.    The verdict was advisory.
The original judgment was still in full force and effect, and
the final order of the Circuit Court was in effect a denial
of appellant's motion to set it aside.

The judgment of the Circuit Court is affirmed.